FRANK CALDWELL *v.* STATE OF MISSISSIPPI.

[39 South. Rep., 999.]

CRIMINAL LAW. *Prevention of crime. Bond for good behavior. Code* 1892, § 1489.

> Under Code 1892, § 1489, providing that a person convicted of "an offense less than felony" may be required by the court to give a bond for good behavior, a pertinacious violator of the law, convicted of unlawfully selling intoxicants, may be required to give such bond.

FROM the circuit court of Montgomery county.

HON J. T. DUNN, Judge.

Caldwell, the appellant, was tried for and convicted of unlawfully selling intoxicants, and appealed to the supreme court. He was sentenced for his offense, in addition to the time for which he was committed to jail and the fine imposed, to give a bond to keep the peace and to be of good behavior.

*Hill & Knox,* for appellant.

In cases of unlawful sale of intoxicants, where the defendant is convicted, Code 1892, § 1489, does not apply.    Said section applies only in such cases as assault and battery, affrays, riots, and offenses of like character; in other words, it applies only to those cases where violence has been used or threatened; and it

does not apply to the minor violations of the law, such as unlawful sale of intoxicants, drunkenness, and offenses of like character. If we be mistaken in our position above stated, still in order for the court to make such a requirement of a defendant, the court must, before fixing the amount of the bond, take testimony as to the ability of the defendant to give the bond. To permit it to be done otherwise would give the court too much authority and permit the court to fix the bail at such a sum as would probably amount to denying a defendant bond. In this case the requirement by the court of the defendant to give said peace bond is in one and the same judgment, and forms part of the sentence of the court, and no evidence as to the ability of the defendant to give said bond was taken. There is another objection: the said judgment does not fix the time when the said period of one year for which the defendant is required to give said bond shall commence and end; it is uncertain as to whether it is to commence from the date of the judgment or from the date when the defendant may have performed the other part of the sentence of the court.

*R. V. Fletcher,* assistant attorney-general, for appellee.

Counsel for appellant contend that the statute applies only to convictions for crimes of a violent nature; but the statute covers any person convicted of "an offense less than felony," etc. The terms of the statute are plain and will not admit of construction. This defendant had already been twice convicted in Montgomery county of selling whisky; he had been before the federal courts for this offense. The court was, therefore, amply informed as to his lawless character, and in the instant case it was a salutary exercise of discretion to require this security. The amount of the bond was fixed at $500, and this could not be held unreasonable. This statute and the procedure under it in the instant case cannot be held to be a denial to defendant of any constitutional right. Courts at common law, in the absence

of a statute, have an inherent power to order the execution of a peace bond in addition to the penalty where the misdemeanor is a gross one. *Estes* v. *State,* 2 Hum. (Tenn.), 496, and cases there cited.

CALHOON, J., delivered the opinion of the court.

This man seems to be a pertinacious violator of law. This is his third conviction for the unlawful sale of intoxicants. Under this condition the court had the right (Code 1892, § 1489) to require bond of him "to keep the peace and to be of good behavior," which it did. The bond expires at the time limited from its date.

*Affirmed.*